# IN THE UNITED STATES BANKRUTPCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 14-24782-GLT |
| **ROBERT J. AHART** and | Chapter 13 |
| **KAREN E. AHART**, | Related to Dkt. No. 93 |
| *Debtors.* | |
| **BRYAN KEENAN, ESQ.** | |
| *Movant,* | |
| v. | |
| **(NO RESPONDENT),** | |
| *Respondents.* | |

## MODIFIED DEFAULT ORDER

Before the Court is the *Application of Bryan Keenan, Esquire for Interim Compensation and Reimbursement of Expenses* (the "Application") filed by Attorney Bryan P. Keenan, Esq. (the "Applicant") which requests the allowance of legal fees and expenses in the total amount of $8,538.57 for the period of November 26, 2014 through February 7, 2018, consisting of $7,937.50 in attorneys' fees and $601.07 in out-of-pocket costs in the above-captioned case.[1] The Applicant recently filed a *Certificate of No Objection* as no timely objection to the *Application* was filed by any party.[2] After finding that it has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §1334 and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b), the

---

[1] Dkt. No. 93.

[2] Dkt. No. ____.

1

Court also concludes that due and proper notice of the *Application* and the objection deadline were given. Accordingly, the Court makes the following findings:[3]

    A.    Pursuant to 11 U.S.C. § 330(a)(4)(B), "the court may allow reasonable compensation to the debtor's attorney [in a chapter 13 case] … based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." To determine the amount of reasonable compensation to be awarded, section 330(a)(3) directs the Court to consider the nature, extent, and value of such services, taking into account all relevant factors, including:

    (i)    The time spent on such services;

    (ii)    The rates charged for such services;

    (iii)    Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered, toward the completion of the bankruptcy case;

    (iv)    Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (v)    With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (vi)    Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[4]

    B.    Consistent with its duty to independently scrutinize fee applications,[5] the Court finds that some of the fees requested in the *Application* require adjustment because they are

---

[3] This Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.
[4] 11 U.S.C. § 330(a)(3).

[5] See 11 U.S.C. § 329(b); In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994).

unreasonable or excessive in light of the tasks performed. Specifically, the *Application* unreasonably charges the Debtor for purely administrative tasks at the attorney's full hourly rate.

    C.    Within the *Application*, the Court identified a dozen purely administrative tasks that were charged at the Applicant's full hourly rate of $250 per hour. These charges consist of the following:

| Date | Description | Time Charged | Amount Charged |
|---|---|---|---|
| 01/15/2015 | Served Order on Motion to Attach Wages | .2 | $50 |
| 06/24/2015 | Served Summons | .1 | $25 |
| 06/24/2015 | Served Complaint | .1 | $25 |
| 08/28/2015 | Served Summons | .1 | $25 |
| 09/29/2015 | Served Motion for Default Judgment | .1 | $25 |
| 10/31/2015 | Served Order on Adversary Complaint | .1 | $25 |
| 12/22/2015 | Served Wage Attachment Order | .1 | $25 |
| 11/10/2016 | Served Amended Schedule E with Order | .1 | $25 |
| 05/17/2017 | Served Order on Amended Wage Attachment | .2 | $50 |
| 06/06/2017 | Served Amended Schedule E | .1 | $25 |
| 06/21/2017 | Served Order on Motion to Attach Wages | .1 | $25 |
| 06/21/2017 | Served Amended Chapter 13 Plan | .1 | $25 |
|  | **Total** | **1.4** | **$350** |

   D. The rate charged for a specific task must be commensurate with the skills and experience necessary to complete the activity. For this reason, courts find it necessary to reduce the rate billed by attorneys for work done on purely administrative or clerical tasks.[6]

   E. The *Power of Attorney and Contract of Representation,* attached as Exhibit A to the *Application*, does not disclose an hourly rate for administrative personnel. Accordingly, the Court will utilize a rate of $95 per hour for such tasks. Applying a modified hourly rate to these charges, the Court finds that the appropriate fees for the tasks referenced in ¶ C are $133 ($95/hour x 1.4 hours = $133). The Court will therefore reduce the requested fees by $217 ($350 - $133 = $217).

   F. The Court notes that the Applicant previously submitted numerous fee applications which were approved for payment because they did not present any issues of concern. In rendering these findings, the Court does not wish to convey that there are any systemic concerns about the Applicant's billing practices, nor does it wish to overly scrutinize each fee application beyond the standards required under section 330. Instead, the Court recognizes the volume of work that is required to prosecute a chapter 13 case on behalf of a consumer debtor and it acknowledges that legal counsel are entitled to be adequately compensated for their time and services. In this instance, however, the Court was compelled to make adjustments when it observed multiple time entries that are seemingly excessive for the nature of the work involved.

   Based upon the foregoing, the Court finds that it is reasonable and appropriate to reduce the fees requested in the *Application* to an amount which is commensurate with the value of

---

[6] See, e.g., In re DeMarco, 2016 WL 899915 at *5 (Bankr. D.N.J. Feb. 9, 2016) ("Such routine ministerial, secretarial, or paralegal in nature tasks generally should not be compensated at an attorney's hourly rate."); In re S.T.N. Enterprises, Inc., 70 B.R. 823, 839 (Bankr. D.Vt. 1987) (activities that should be performed by administrative rather than legal staff "must not be billed by the hour at an attorney's rate"); Tatum v. City of New York, 2010 WL 334975 (S.D.N.Y. Jan. 28, 2010).

the services received by the bankruptcy estate. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

    1.    The *Application* is granted in the amount of $8,321.57 for legal services performed during the period of November 26, 2014 through February 7, 2018, consisting of attorneys' fees in the amount of $7,720.50 and out-of-pocket expenses in the amount of $601.07. The *Application* is denied to the extent it seeks $271 in fees for the time entries referenced in paragraph C.

    2.    Considering the initial legal retainer received in the amount of $1,000 ($500 for legal fees and $500 for costs) and the no-look fee paid by the chapter 13 trustee in the amount of $3,500, the Applicant has received $4,500 to date ($4,000 for fees and $500 for costs). Accordingly, this Order grants an additional award of $3,821.57 (consisting of legal fees of $3,720.50 and $101.07 in costs)

    3.    The remaining unpaid balance of $3,821.57 is to be paid to Bryan Keenan, Esq. through the chapter 13 plan provided that the plan sufficiently provides for those fees. The fees must be paid from the Debtors' resources without decreasing the percentage or amount to be paid to other creditors through the plan.

    4.    The Clerk shall record the total award of compensation in the amount of $8,321.57.

Dated: February 28, 2018

                                                     GREGORY J. TADDONIO  cgt
                                                     UNITED STATES BANKRUPTCY JUDGE

cm:    Debtors
        Bryan Keenan, Esq.
        Ronda Winnecour, chapter 13 trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 14-24782-GLT
Robert J. Ahart                                                           Chapter 13
Karen E. Ahart
         Debtors

## CERTIFICATE OF NOTICE

District/off: 0315-2           User: dkam              Page 1 of 1              Date Rcvd: Feb 28, 2018
                               Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 02, 2018.
db/jdb        +Robert J. Ahart,    Karen E. Ahart,    1052 Sweet Brier Drive,    Aliquippa, PA 15001-6502

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 02, 2018                                     Signature:  /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 28, 2018 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               agornall@goldbecklaw.com,    bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Bryan P. Keenan    on behalf of Plaintiff Robert J. Ahart keenan662@gmail.com,
               melindap662@gmail.com
              Bryan P. Keenan    on behalf of Joint Debtor Karen E. Ahart keenan662@gmail.com,
               melindap662@gmail.com
              Bryan P. Keenan    on behalf of Debtor Robert J. Ahart keenan662@gmail.com,   melindap662@gmail.com
              James Warmbrodt    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              Kevin Scott Frankel    on behalf of Creditor    Nationstar Mortgage LLC pabk@logs.com
              LeeAne O. Huggins    on behalf of Creditor    Nationstar Mortgage LLC pabk@logs.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                                TOTAL: 11